United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff | ) ) ) |
| v. | ) Criminal Case No. 17-20673-CR-Scola ) |
| Jose Antonio Cecili, Defendant. | ) ) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on Defendant Jose Antonio Cecili's pro se motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 96.) The Government has responded, opposing Cecili's motion. (Resp., ECF No. 98.) Cecili has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** the motion for reduction of sentence. (**ECF No. 96**.)

1. **Background**

On October 17, 2017, a federal grand jury indicted Cecili and his co-defendants with conspiracy to possess with intent to distribute and possession with intent to distribute one kilogram or more of heroin. (ECF No. 20.) On February 23, 2018, pursuant to a plea agreement (ECF No. 44) and factual proffer (ECF No. 46), Cecili pleaded guilty to count one of the superseding indictment—the conspiracy count.

In preparation for Cecili's sentencing, the United States Probation Office prepared a pretrial services report ("PSI"), which determined that Cecili had a total offense level of 31, a criminal history category of III, and an advisory guideline range of 135 to 168 months. (*See* Resp. at 2 (citing PSI ¶¶ 88–89.) Notably, no status points were assessed as Cecili completed his probation for his most recent conviction before committing the offense conduct at issue in this case. (Resp. at 2.) On June 14, 2018, the Court sentenced Cecili to 135 months in prison, followed by five years of supervised release. (J., ECF No. 78.) Cecili's anticipated release date is June 4, 2027. (Resp. at 3.)

Since Cecili was sentenced, the United States Sentencing Commission issued Amendment 821 which, among other things, affects the "status points" assessed to defendants who commit an offense while under another criminal justice sentence. Previously, offenders would receive two additional criminal history points if "the defendant committed the instant offense while under any

criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, however, under Part A of the amendment, offenders with six or fewer history points will no longer receive these additional status points and offenders with seven or more criminal history points will only be assessed one additional point, rather than two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf. Cecili now seeks retroactive application of Part A of Amendment 821 to his sentence.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term

of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Cecili invokes here is Part A of Amendment 821—the "status points" adjustment. But Cecili is not eligible for the adjustment because he did not receive any status points to begin with. Part A affects only § 4A1.1's assessment of status points used to calculate a defendant's criminal history category. Accordingly, § 4A1.1's new status-point-rules have no bearing on Cecili's criminal history category. With his criminal history category unchanged, Cecili's guideline range remains the same. As such, he is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").

### 4. Conclusion

Accordingly, based on the foregoing, the Court **denies** Cecili's motion for a reduction of his sentence (**ECF No. 96**.)

**Done and ordered** at Miami, Florida on January 2, 2024.

Robert N. Scola, Jr.
United States District Judge